UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rickie Hill,<br><br>        Plaintiff<br><br>v.<br><br>Trashcan, et al.,<br><br>        Defendants | Case No.: 2:20-cv-01969-JAD-BNW<br><br>**Order Screening and Dismissing Complaint with Limited Leave to Amend by September 27, 2021**<br><br>[ECF No. 1-1] |

Pro se plaintiff Rickie Hill brings this civil-rights action under 42 U.S.C. § 1983, claiming that High Desert State Prison Correctional Officer Trashcan, Lieutenant Jesus Ruiz, and Sergeant E. Thompson violated Hill's First, Eighth, and Fourteenth Amendment rights. Because Hill applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled any colorable claims, dismiss the complaint, and give him until **September 27, 2021,** to amend his retaliation and equal-protection claims.

## Background[2]

Hill is a 54-year-old, gay, Black, and Jewish man who suffers from diabetes and heart health issues.[3] Sometime before September 24, 2020, Trashcan searched Hill's cell and told him she hated his "lifestyle."[4] On September 24, 2020, Trashcan approached Hill's cell without wearing a mask, violating the Director of the Nevada Department of Corrections' directive

---

[1] ECF No. 1.

[2] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[3] ECF No. 1-1 at 4.

[4] *Id.* at 5.

requiring all staff to wear masks.[5] Hill asked Trashcan to put her mask on. Rather than doing so, Trashcan began yelling into a half-inch-wide opening in Hill's cell door. Hill felt "[s]everal spittle droplets" hit his face.[6] Trashcan told Hill she had an "asymptomatic" COVID-19 infection, but that she "doubt[ed]" that she could pass it to him.[7] Trashcan also intentionally "spat droplets of spittle on Hill's face to instill fear," emotionally harm, and mentally scar Hill.[8] Trashcan did not treat any other similarly-situated prisoner similarly on that day. Hill claims Trashcan's actions were in retaliation for him suing "NDOC staff."[9]

Hill believes that his underlying health issues make him more vulnerable and more likely to die if he contracts COVID-19.[10] He believes "it is evident" that HDSP officers were trying to infect Hill with COVID-19,[11] and Ruiz failed to enforce the NDOC Director's mask requirement.[12] As a result of the incident with Trashcan and his interactions with Ruiz and Thompson, Hill now suffers from daily nightmares, depression, anxiety, and panic attacks because he fears catching COVID-19 and dying from it.[13]

Hill sues Trashcan for discriminating against him based on his sexual orientation and intentionally spitting on him to infect him with COVID-19.[14] I construe these allegations as

---

[5] *Id.* at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.* at 5.
[11] *Id.*
[12] *Id.* at 6.
[13] *Id.* at 5.
[14] *Id.* at 4–5.

2

Eighth Amendment claims for unsafe prison conditions and a Fourteenth Amendment equal-protection violation. In addition, Hill sues Trashcan, Ruiz, and Thompson for First Amendment retaliation.[15] Hill seeks compensatory and punitive damages as well as injunctive relief.[16]

I.  **Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[17] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[18] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[19]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[20] In making

---

[15] Hill alleges that both Ruiz and Thompson retaliated against him for suing them in two separate lawsuits. *See Hill v. Ruiz*, 2:20-cv-01569-RFB-NJK; *Hill v. Harper*, 2:20-cv-01655-KJD-DJA. And although Hill alleges that both Ruiz and Thompson "failed to protect" Hill, he does not allege any facts related to an Eighth Amendment failure to protect claim beyond those conclusions. So, I construe the complaint to state retaliation claims only against Ruiz and Thompson.

[16] ECF No. 1-1 at 6, 9.

[17] *See* 28 U.S.C. § 1915A(a).

[18] *See* 28 U.S.C. § 1915A(b)(1)(2).

[19] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[20] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[21] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[22] but a plaintiff must provide more than mere labels and conclusions.[23] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[24] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

## II. Screening Hill's claims

### A. Eighth Amendment

Under 42 U.S.C. § 1997e(e), absent a more-than-*de minimis* physical injury or a sexual act, an incarcerated person may recover injunctive relief and punitive damages, but not compensatory damages, for mental or emotional injuries.[26] So, to the extent that Hill seeks compensatory damages for emotional harm only, he cannot pursue such a claim. But because

---

[21] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[22] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[25] *Id*.

[26] 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 626–30 (9th Cir. 2002) (holding that a prisoner could not bring a claim for emotional harm when he alleged only that he suffered from a painful canker sore and from back and leg pain resulting from sitting and sleeping on benches and the floor); *see Young v. Levert*, 2021 WL 1546959, at *8–9 (C.D. Cal. Apr. 20, 2021) (holding that a prisoner could not seek damages for emotional harm resulting from failure to provide him with a mask and exposing him to COVID-19 because he alleged that he suffered emotional injuries but did not allege that he suffered any physical harm); *Kaiser v. Steuben Cnty. Jail*, 2021 WL 1380035, at *1 (N.D. Ind. Apr. 12, 2021) (holding that a prisoner, who alleged that five jail guards did not wear masks, could not pursue claims premised on emotional harm where he did not allege that he contracted COVID-19 or suffered physical injury because of the guards' actions).

Hill also seeks punitive damages and injunctive relief in this action, his claim for emotional harm may proceed if it has a colorable Eighth Amendment basis.

The Constitution does not mandate comfortable prisons, but it does not permit inhumane ones.[27] The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[28] The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care.[29] To challenge conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective test.[30] The objective prong requires a "showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation."[31]

Under the subjective prong, a plaintiff must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety.[32] To be deliberately indifferent, a prison "official [must know] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[33] Mere negligence is insufficient to show a violation of the Eighth Amendment.[34] And prison officials who actually

---

[27] *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[28] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).
[29] *Farmer*, 511 U.S. at 832.
[30] *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citation omitted).
[31] *Id.*; *see also Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (unpublished disposition) (holding that an inmate's "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health").
[32] *Farmer*, 511 U.S. at 834.
[33] *Id.* at 837.
[34] *Id.* at 835–36.

knew of a substantial risk to inmate health or safety may be found to have violated the Eighth Amendment only if they responded *unreasonably* to the risk, even if the harm ultimately was not averted.[35]

I find that Hill fails to state a colorable claim for unsafe conditions of confinement. Because he did not contract COVID-19, it is questionable whether his allegations meet the Eighth Amendment's objective prong.[36] Regardless, his allegations fail to satisfy the subjective prong of an Eighth Amendment claim. Hill cannot show that Trashcan knowingly disregarded an excessive risk to Hill because Trashcan told him she did not think that she could pass COVID-19 onto Hill. So, even if Trashcan's actions were intentional, they were more akin to spitting on Hill, which, "while deplorable," is not a constitutional violation.[37] Thus, I dismiss this claim with prejudice as amendment would be futile.

---

[35] *Id.* at 844; *see also Hallinan v. Scarantino*, 466 F. Supp. 3d 587, 606 (E.D.N.C. 2020) (recognizing that "[t]he fact that [prison officials'] response may prove inadequate to prevent the spread of COVID-19 does not establish that they were deliberately indifferent.").

[36] *Compare Jones v. Burt*, 2021 WL 2024705, at *10 (W.D. Mich. May 21, 2021) (permitting COVID-19-positive prisoner's Eighth Amendment claims to proceed past screening against four defendants who allegedly failed to comply with prison's COVID-19 prevention policies) *with Burchfield v. Jones*, 2021 WL 1976626, at *6 (W.D. Ark. May 18, 2021) (dismissing conditions-of-confinement claim alleging that prison officials exposed plaintiff to COVID-19 risk through inadequate testing, because prisoner did not allege injury resulting from the conditions); *Ford v. Hutchinson*, 2021 WL 1433204, at *3 (E.D. Ark. Apr. 6, 2021), report and recommendation adopted, 2021 WL 1432321 (E.D. Ark. Apr. 15, 2021) (dismissing Eighth Amendment claim for failure to meet either objective or subjective prong where prisoner alleged that prison officials did not follow CDC guidelines to protect inmates from COVID-19 but did not allege that he became sick or contracted the COVID-19 virus); *see also Helling*, 509 U.S. at 33–36) (holding that a prisoner might state an Eighth Amendment claim for deliberate indifference to an ongoing and unreasonable risk of serious damage to his future health if the risk is one that society chooses not to tolerate, but prisoner would not be able to pursue his claim if he was not continuing to be subjected to that risk).

[37] *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1059 (C.D. Cal. 2008), aff'd sub nom. *Zavala v. Bartnik*, 348 F. App'x 211 (9th Cir. 2009).

### B.      Fourteenth Amendment

Hill also alleges that Trashcan discriminated against him based on his sexual orientation because she told him that she hates his "lifestyle," violating the Equal Protection Clause of the Fourteenth Amendment.  The Clause protects prisoners from disparate treatment based on sexual orientation.[38]  To state a colorable equal-protection claim, Hill must allege non-conclusory, non-speculative *facts* sufficient to show that a particular defendant *intentionally discriminated* against him *because* of his membership in a protected class.[39]  Offensive statements about a prisoner's sexual orientation are not sufficient to establish an equal-protection claim.[40]

I find that Hill fails to state a colorable equal-protection claim.  Even though he alleges that Trashcan knows that Hill is gay, Black, and Jewish, that knowledge alone is insufficient to state a claim for an equal-protection violation.  Hill does not provide any facts that would show that Trashcan took any action *because* of Hill's sexual orientation.  And while Hill states that similarly situated individuals were not treated the same way as him, he fails to identify who these similarly situated individuals were and how they were similarly situated to him.[41]  So, I dismiss this claim without prejudice and with leave to amend.

---

[38] *See United States v. Windsor*, 570 U.S. 744, 769–70 (2013).

[39] *Iqbal*, 556 U.S. at 678–83; *see Washington v. Davis*, 426 U.S. 229, 239–40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Jeffers v. Gomez*, 267 F.3d 895, 913–14 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

[40] *Freeman,* 125 F.3d at 738 ("As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (internal quotation marks omitted); *see also Ruiz v. Orozco*, 2020 WL 3058332, at *6 (E.D. Cal. June 9, 2020), report and recommendation adopted, 2021 WL 352420 (E.D. Cal. Feb. 2, 2021).

[41] *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (holding that, in an equal-protection claim, "[t]he groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified" but noting that "[a]n equal

### C. First Amendment

Prisoners have a First Amendment right to file prison grievances and to pursue civil-rights litigation in the courts.[42] "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy" injustices they suffer while incarcerated.[43] And "because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."[44] To state a viable First Amendment retaliation claim, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[45] Total chilling is not required; it is enough that a prison official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[46]

Timing may sometimes provide some circumstantial evidence of retaliatory intent when adverse conduct takes place shortly after the plaintiff engages in protected conduct.[47] But retaliatory intent is not established simply by showing adverse activity after the occurrence of

---

protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff").

[42] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

[43] *Id.*

[44] *Id.*

[45] *Id.* at 567–68.

[46] *Id.* at 568–69.

[47] *See Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2000) (suspect timing of adverse conduct soon after protected conduct, combined with statements by defendants and evidence of pretext created triable issue of fact concerning retaliatory motive).

protected speech, rather the plaintiff must allege a "nexus" between the two events.[48] The plaintiff must also show the absence of legitimate correctional goals for the conduct of which he complains.[49] In addition, retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'"[50]

Hill fails to allege a colorable retaliation claim against Trashcan, Ruiz, or Thompson. He asserts that he engaged in protected conduct by filing lawsuits against various prison staff. But he has failed to allege any facts that would show that any adverse action was taken against him—let alone that such an adverse action was in response to his protected conduct. Hill's conclusions that the defendants "retaliated" against him are insufficient. I dismiss this claim without prejudice and with leave to amend.

## III.  Leave to amend

I grant Hill leave to amend his First Amendment retaliation and Fourteenth Amendment equal-protection claims only. If Hill chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[51] He must file the amended complaint on this court's approved prisoner-civil-rights

---

[48] *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000); *Pratt*, 65 F.3d at 808 ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights); *Phillippi v. Patterson*, 599 F. App'x 288, 289 (9th Cir. 2015); *Rupe v. Beard*, 2013 WL 6859278, at *7 (E.D. Cal. Dec. 24, 2013).

[49] *Pratt*, 65 F.3d at 806.

[50] *Pratt*, 65 F.3d at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

[51] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

form, and it must be entitled "First Amended Complaint." Hill must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by September 27, 2021.**

### Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint [ECF No. 1-1].

IT IS FURTHER ORDERED that:

- The Eighth Amendment unsafe prison conditions claim is **DISMISSED with prejudice and without leave to amend**; and

- The First Amendment retaliation and Fourteenth Amendment equal protection claims are **DISMISSED with leave to amend by September 27, 2021**.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Hill the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint [ECF No. 1-1]. If Hill chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights

---

928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Complaint" in the caption.  The amended complaint will be screened in a separate screening order, and **the screening process will take many months**.  **If Hill does not file an amended complaint by September 27, 2021, I will dismiss this action with prejudice for failure to state a claim without further prior notice.**

_____
U.S. District Judge Jennifer A. Dorsey
August 27, 2021